**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| AMIR'S ANTIQUES & DECORATIVE | ) | Case No.:  10-12749-SSM |
|   RUGS, INC. | ) | Chapter 11 |
| | ) | |
|     **Debtors-in-Possession** | ) | |
| _____ | ) | |
| | ) | |
| AMIR'S ANTIQUES & DECORATIVE | ) | Adv.  Proc. No.: |
| _____ | | |
|   RUGS, INC. | ) | |
| 9441 Brink Road | ) | |
| Gaithersburg, MD  20874 | ) | |
| | ) | |
|     **Plaintiff** | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **PRESTIGE CAPITAL CORPORATION** | ) | |
| c/o Jeremy S. Friedberg, Esq. | ) | |
| Gordon S. Young, Esq. | ) | |
| Joseph A. Pulver, Esq. | ) | |
| Leitess Leitess Friedberg & Fedder, PC | ) | |
| One Corporate Center | ) | |
| 10451 Mill Run Circle, Suite 1000 | ) | |
| Baltimore, MD  21117 | ) | |
| | ) | |
|     **Defendant** | ) | |
| _____ | ) | |

## COMPLAINT TO AVOID AND/OR RECOVER TRANSFER

The Plaintiff, Amir's Antiques & Decorative Rugs, Inc., by and through undersigned counsel, requests that the Court avoid and allow the Plaintiff to recover for the benefit of the bankruptcy estate the transfer listed below.

## PARTIES

1. The Plaintiff, the Chapter 11 Debtor-in-Possession (hereinafter "Debtor" and "Plaintiff"), is a Virginia corporation in the business of being a wholesaler of decorative rugs.

2. The Defendant is a judgment creditor listed on Debtor's petition.

3. At all relevant times, the Debtor has operated its business, which is in the business of being a rug wholesaler.

## JURISDICTION

4. This court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §1334.

5. This adversary proceeding is a core matter under 28 U.S.C. § 157(b)(2).

6. Venue is proper in this district pursuant to 28 U.S.C. § 1409.

## FACTS

7. Amir's Antiques & Decorative Rugs, Inc., (Plaintiff/Debtor) filed a voluntary petition for relief under Chapter 11 of the United States Code (the "Bankruptcy Code") on April 8, 2010 (the "Petition Date") in this Court.

8. Prior to the Petition Date and in the litigation styled *Prestige Capital Corporation v. Target Masonry & Flooring, Inc., et al.,* Civil Action No. 08:09-01467, the United States District Court for the District of Maryland (Southern Division) entered judgment by default in favor of Prestige and against Plaintiff and others in the amount of $335,682.63, plus attorneys' fees to be awarded in the amount determined in accordance with Local District Court Rule 109 (collectively, the "Judgment"). Upon petition by Prestige

Capital, the Court subsequently entered an Order awarding Prestige Capital attorney's fees of $17,643.00 and costs of $2,344.95.

9. As part of its efforts to execute upon its judgment, Prestige Capital requested and the U.S. District Court for the District of Maryland (Southern Division) issued a Writ of Execution, by which 304 rugs were seized by the United States Marshal's Service.

10. Debtor's filing of its voluntary petition for relief under Chapter 11 of the Bankruptcy Code on the Petition Date resulted in the cessation of Prestige Capital's efforts to sell the rugs and apply the sale proceeds to the Judgment against Plaintiff/Debtor.

11. The rugs have a fair market value of $1,000,000.00.  In the current economic climate, the liquidation value of the rugs is substantially less.

12. The rugs are necessary for Plaintiff/Debtor's effective reorganization.

## COUNT I
## 11 U.S.C. §547(b)

13. The allegations contained in paragraphs 1-12 are incorporated by reference as if fully set forth.

14. The transfer made by Prestige was made on or within one year before the petition date.

15. The transfer was a transfer of an interest of the Debtor in property.

16. The transfer was made on a count of an antecedent debt allegedly owed by the Debtor on the date of the transfer.

17. The transfer was made while the Debtor was insolvent.

18. The transfer enabled Prestige to receive more than Prestige would have received if this case were a Chapter 7 liquidation of the Debtor's estate.

19. The area rugs that were seized constitute the majority of the Debtor's inventory and have an estimated fair market value of $1,000,000.00.

20. Should the rugs be liquidated, the value would be significantly diminished and is not likely to generate funds sufficient to pay even the claim of Prestige, not to mention other creditors of the estate.

21. In the current economic climate, the rugs will take considerable time to sell in order to generate a fair market value.

22. The rugs are essential to the Debtor's continued operation of its business. Without the rugs, the Debtor cannot operate.

WHEREFORE, Amir's Antiques & Decorative Rugs, Inc., respectfully request that the Court avoid the transfer and for such other and further relief as this Court deems just and proper.

Respectfully submitted,

/s/ Leslie D. Silverman, Esq., #41107

Leslie D. Silverman, Esquire
Leslie D. Silverman, P.C.
3470 Olney Laytonsville Road
Suite 333
Olney, MD  20832
(301) 774-5999
Attorney for Plaintiff/Debtor-in-Possession